

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
08/03/2012

| | | |
|---|---|---|
| IN RE: | § | Case No. 11-36535 |
| BRADFORD ARMISTEAD, | § | Chapter 13 |
| Debtor. | § | Judge Isgur |
| | § | |

## MEMORANDUM OPINION

Chapter 13 is the principal chapter of the Bankruptcy Code that allows consumers to cure home mortgage defaults. Home mortgage proofs of claim set forth both the total amount of the creditor's claim and the amount required to cure any prepetition default. Both the local rules of the Southern District of Texas and the Federal Rules of Bankruptcy Procedure mandate the use of forms that allow a consumer to review the accuracy of a home mortgage proof of claim.

Local Rule 3001-1[1] mandates that chapter 13 home loan mortgage proofs of claim include a detailed loan history in a form prescribed by the Court. Flagstar Bank challenges whether Bankruptcy Rule 3001 preempts the enforcement of Local Rule 3001-1. The Court today determines that:

- Noncompliance with Local Rule 3001-1 does not affect the prima facie validity of a proof of claim executed and filed in accordance with the national rules.

- Newly adopted Bankruptcy Rule 3001 does not preempt Local Rule 3001-1.

### Procedural Background

Armistead's filed his bankruptcy petition on August 1, 2011. (ECF No. 1.) The proof of claim deadline was December 15, 2011. (ECF No. 15.) On December 15, 2011, Flagstar Bank,

---

[1] To avoid confusion, Bankruptcy Local Rule 3001-1 is referenced as Local Rule 3001-1 and Federal Rule of Bankruptcy Procedure 3001 is referenced as Bankruptcy Rule 3001.

1

FSB filed a claim secured by Armistead's principal residence. (Claims Docket No. 8-1.) The proof of claim did not include the loan history required by Local Rule 3001-1.

On January 23, 2012, Armistead objected to Flagstar's claim. (ECF No. 47.) In his objection, Armistead alleges that: (i) Flagstar's proof of claim did not comply with Local Rule 3001-1; and (ii) Armistead has proof of some payments on Flagstar's claim, but cannot discern if Flagstar properly credited his payments.

Local Rule 3001-1 applies to all cases filed on or after April 1, 2010. *See* S.D. Tex. Bankruptcy Local Rules. Bankruptcy Rule 3001 became effective on December 1, 2011.

The Court held a preliminary hearing on the claim objection on May 29, 2012. Following the May 29, 2012 hearing, Armistead filed a motion to compel Flagstar to file a loan history form that complied with Local Rule 3001-1. Flagstar initially opposed the motion to compel. (ECF No. 89.) However, Flagstar subsequently provided the loan history form, and Armistead withdrew his motion to compel. (ECF No. 93.)

Armistead's claim objection remains. Accordingly, the Court must determine: (i) whether Flagstar was required to comply with Local Rule 3001-1 when it filed its original proof of claim; and (ii) if Flagstar was required to comply, the effect of Flagstar's noncompliance.

**Functional Difference in Forms**

Bankruptcy Rule 3001 requires Flagstar to attach a "Mortgage Proof of Claim Attachment" in the form published as "Attachment A" to Official Form 10. A copy of Flagstar's completed attachment is attached to this Memorandum Opinion as Exhibit "A". In general, the national Mortgage Proof of Claim Attachment provides summary data to inform parties in interest of how the claim was calculated. For example, Part 3, Section 2 indicates that the Debtor owes the following installments:

| No. of installments due | Amount | Due |
|---|---|---|
| 5 | $2,536.61 | $12,683.05 |
| 12 | $3,030.13 | $36,361.56 |
| 12 | $2,586.44 | $31,037.28 |
| 3 | $2,227.51 | $ 6,682.53 |
| | TOTAL | **$86,764.42** |

A blank local loan history form is attached as Exhibit "B." The local loan history form does not include a similar summary of missed payments cumulated by amounts. Instead, the local form includes: (i) the dates and amount of payments that were due; (ii) the dates on which payments were received; (iii) the amount of payment received on a particular date; (iv) the application of amounts received; and (v) a running balance of amounts due on the account.

In this case, Armistead alleges that he can prove that certain payments were made. Assume, hypothetically, that Armistead can prove that he made a payment of $2,536.61 on January 15, 2010 by wire transfer. If only the national form is used, proof of that payment will not inform either the Court or Flagstaff if there is a bona fide dispute between Armistead and Flagstaff. Conversely, if the local loan history form were filed, the loan history would show whether a $2,536.61 payment was credited on or about January 15, 2010.

### Local Rulemaking Authority

28 U.S.C. § 2071 authorizes the establishment of local rules. Pursuant to § 2071, Bankruptcy Rule 9029 governs the adoption of local bankruptcy rules. It is undisputed that Local Rule 3001-1 was adopted in accordance with Bankruptcy Rule 9029.[2]

---

[2] In accordance with Fed. R. Bankr. P. 9029(a)(1), the District Judges of the Southern District of Texas have authorized the Bankruptcy Judges of this District to adopt Bankruptcy Local Rules. Local Rule 3001-1 was adopted after public comment. The Rule was reviewed, but not abrogated, by the Judicial Council of the Fifth Circuit Court of Appeals. Local Rule 3001-1 rule is in effect.

Bankruptcy Rule 9029(a)(1) provides, in relevant part, that local rules must be "consistent with—but not duplicative of—Acts of Congress and these [national] rules and which do not prohibit or limit the use of the Official Forms."

### Flagstar's Proof of Claim Has Prima Facie Validity

Armistead objects to Flagstar's claim on the basis that the proof of claim was not filed in compliance with Local Rule 3001-1. Flagstar's failure to comply with Local Rule 3001-1 is not a basis for a valid objection to Flagstar's claim. 11 U.S.C. § 502(b) sets forth the exclusive reasons for which a claim should not be allowed. *In re Today's Destiny, In*c., 2008 WL 5479109 (Bankr. S.D. Tex. 2008).

Bankruptcy Rule 3001(f) provides that "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Armistead's attempt to disallow the claim based on noncompliance with Local Rule 3001-1 is misplaced. A failure to comply with a local rule cannot result in a disallowance of the claim under § 502(b) and cannot upset the prima facie validity of the proof of claim.

The proof of claim's prima facie validity is established by Bankruptcy Rule 3001(f) and any local rule that purports to upset that prima facie validity would run afoul of Bankruptcy Rule 9029's requirement that a local rule must be consistent with the national rules. If Local Rule 3001-1 purported to remove the prima facie validity of "[a] proof of claim executed and filed in accordance with" the national rules, then Local Rule 3001-1 would violate Bankruptcy Rule 9029.

Local Rule 3001-1 does not provide that noncompliance with the local rule will cause a proof of claim to lose its prima facie validity. The Court declines to interpret the local rule in a manner that would render it invalid. *See Gomez v. United States*, 490 U.S. 858, 109 S.Ct. 2237

4

(1989) ("It is our settled policy to avoid an interpretation of a federal statute that engenders constitutional issues if a reasonable alternative interpretation poses no constitutional question.") This Court will give similar deference to the national rules and will apply Local Rule 3001-1 in a manner that does not conflict with Bankruptcy Rule 3001.

Accordingly, the Court holds that Flagstar's proof of claim is prima facie evidence of the validity and amount of Flagstar's claim.

## Local Rule 3001-1 is Not Preempted by the National Rules

Flagstar alleges that it failed to comply with Local Rule 3001-1 based on its argument that the local rule is an improper exercise of local rulemaking authority.[3] Flagstar alleges that the local rule: (i) is inconsistent with the national rules; (ii) abridges or modifies the national rules; and (iii) is duplicative of the national rules.

**Inconsistency and Abridgement**

Most of Flagstar's actual complaint with respect to the first two issues concerns Flagstar's belief that the local rule upsets the evidentiary effect of Bankruptcy Rule 3001(f). As set forth above, Local Rule 3001-1 does not so provide and will not be enforced in that manner.

Flagstar also alleges inconsistency based on its allegation that the local rule imposes an additional requirement on the proof of claim process. Flagstar provides no authority for the proposition that the imposition of an additional requirement on Flagstar violates 28 U.S.C. § 2071 as implemented by Bankruptcy Rule 9029. Indeed, virtually every local bankruptcy rule imposes some sort of "additional requirement" on a bankruptcy participant. The Court rejects the concept that a local rule may not impose a duty on a creditor.

---

[3] The Court notes its concern that Flagstar intentionally violated the local rules. If Flagstar believed the rule to be invalid, it should have sought its abolition.

5

**Duplication**

Flagstar also alleges that the local rule is invalid because it duplicates the national rule.

Bankruptcy Rule 9029 requires local rules to be "consistent with—but not duplicative of" the national rules. After careful review, the Court concludes that Local Rule 3001-1 meets the standards established by Bankruptcy Rule 9029.

First, the local rule (as implemented by the local form) is entirely consistent with the national rule (as implemented by the national form). Both serve the salutary purpose of providing information with respect to the basis of a home mortgage proof of claim. Bankruptcy Rule 9029 specifically addresses the use of forms by requiring that a local rule may not "prohibit or limit the use of the Official Forms." Nothing in Local Rule 3001-1 "prohibit[s] or limit[s] the use of the Official Forms."

Second, the local form requires substantial information not included on the national form. Because the local form was in use prior to the adoption of the national form, the Court has had substantial experience with the form. It has been this Court's experience that the use of the local form has dramatically reduced the number of home mortgage disputes in consumer cases.

The following compares information available from the national form with information available from the local form:

| Description | Available from Local Form | Available from National Form | Easily Calculated from the Local Form Data? |
|---|---|---|---|
| Dates on which payments were received | ✓ | | |
| Amount of payments received | ✓ | | |
| Application of payments received | ✓ | | |
| Amount of payment due each month | ✓ | | |
| Payments of taxes made from escrow | ✓ | | |
| Payments of insurance made from escrow | ✓ | | |
| Attorneys fees charged | ✓ | | |

6

| Description | Available from Local Form | Available from National Form | Easily Calculated from the Local Form Data? |
|---|---|---|---|
| Attorneys fees paid | ✓ | | |
| Attorneys fees owing | ✓ | ✓ | Yes |
| Late charges and other charges imposed | ✓ | | |
| Late charges and other charges paid | ✓ | | |
| Late charges and other charges owing | ✓ | ✓ | Yes |
| Running balance of payment arrearages | ✓ | | |
| Total payment arrearages unadjusted for escrow issues | ✓ | ✓ | Yes |
| Total payment arrearages adjusted for escrow arrearages | ✓ | | |
| Number of payments missed by amount of payment | | ✓ | |
| Attach non-bankruptcy law escrow statement | | ✓ | |
| Statement of petition date escrow balance adjusted for missed payments | ✓ | | |
| Interest rate changes on loan | ✓ | | |
| Principal balance owed | ✓ | ✓ | Yes |
| RESPA adjusted escrow shortfall | ✓ | | |
| Unbilled fees and expenses | ✓ | | |
| Interest charged on missed payments | ✓ | | |
| Suspense balance | ✓ | ✓ | Yes |

The detailed information that is included in the local form allows borrowers and lenders to reconcile payment disputes with relative ease. The detailed information contained on the local loan history form is not included in the national form; nor can the detail be discerned from the national form. Rather than duplicating the information from the national form, the local form provides supplemental information that complements the use of the national form.

Of course, the summary data from the national form "duplicates" the detailed data in the local form because the two forms should have the same total amounts shown. That is a simple mathematical function. Otherwise, the forms provide distinct data.

The Court concludes that duplicated arithmetic does not preclude the use of the local form.

## Conclusion

Flagstar was required to comply with Local Rule 3001-1. Nevertheless, Flagstar's noncompliance does not alter the prima facie validity of Flagstar's proof of claim.

The Debtor does not seek any monetary relief against Flagstar and no such relief is awarded. If an evidentiary hearing is required to resolve the parties' dispute, the Court will determine the appropriate relief, if any.

SIGNED **August 3, 2012.**

                                                              _____
                                                              Marvin Isgur
                                                              UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT "A"

B10 (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF TEXAS | | PROOF OF CLAIM |
|---|---|---|
| Name of Debtor:<br>BRADFORD ARMISTEAD | Case Number<br>11-36535-H1-13 | |
| NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.* | | |
| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>FLAGSTAR BANK, F.S.B. ITS ASSIGNS AND/OR SUCCESSORS IN INTEREST | | COURT USE ONLY |
| Name and address where notices should be sent:<br>FLAGSTAR BANK, F.S.B.<br>5151 CORPORATE DRIVE<br>TROY, MI 48098<br>Telephone number:              email: | | ☐ Check this box if this claim amends a previously filed claim.<br>**Court Claim Number:** _____<br>*(If known)*<br>Filed on : |
| Name and address where payment should be sent (if different from above):<br>FLAGSTAR BANK, F.S.B.<br>5151 CORPORATE DRIVE<br>TROY, MI 48098<br>Telephone number:              email: | | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach a copy of statement giving particulars. |

**1. Amount of Claim as of Date Case Filed:**       $328,898.57

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☒ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** Mortgage Note
(See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor:<br>3  8  0  1 | 3a. Debtor may have scheduled account as:<br>Flagstar Bank<br>(See instruction #3a) | 3b. Uniform Claim Identifier (optional):<br>_ _ _ _ — _ _ _ _ — _ _ _ _ — _ _ _ _<br>(See instruction #3b) |
|---|---|---|

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ☒ Real Estate  ☐ Motor Vehicle  ☐ Other
**Describe:** 41310 ROUNDUP RD, MAGNOLIA, TX 77354-4658

**Value of Property:** $ _____

**Annual Interest Rate** 7.000    % ☒ Fixed or ☐ Variable
**(when case was filed)**

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:**
$ 93,186.10

**Basis for perfection:** Texas Home Equity Security Instrument

**Amount of Secured Claim:** $ 328,898.57

**Amount Unsecured:** $ _____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier - 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. §507 (a)(5).

**Amount entitled to priority:**

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

$ _____

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

B10 (Official Form 10) (12/11)

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain: Due to the timing of the case filing, an escrow analysis as of the date of petition was not and cannot be created for this loan. An escrow analysis was completed on 8/24/2011 and the results of that analysis have been disclosed on Attachment A.

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.   ☐ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor,   ☐ I am a guarantor, surety, indorser, or other codebtor.
(Attach copy of power of attorney, if any.)   or their authorized agent.   (See Bankruptcy Rule 3005.)
(See Bankruptcy Rule 3004.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: LINDSAY SHERP
Title: ATTORNEY FOR CLAIMANT
Company: BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP     /s/ LINDSAY SHERP     12/15/2011
Address and telephone number (if different from notice address above):     (Signature)     (Date)
15000 SURVEYOR SUITE 100
ADDISON, TX 75001

Telephone number (972) 341-0500   email: SDECF@BDFGROUP.COM

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

B 10 (Attachment A) (12/11)

## Mortgage Proof of Claim Attachment

If you file a claim secured by a security interest in the debtor's principal residence, you must use this form as an attachment to your proof of claim. See Bankruptcy Rule 3001(c)(2).

Name of debtor: BRADFORD ARMISTEAD

Name of creditor: FLAGSTAR BANK, F.S.B. ITS ASSIGNS AND/OR SUCCESSORS IN INTEREST

Case number: 11-36535-H1-13

Last four digits of any number you use to identify the debtor's account: 3 8 0 1

### Part 1: Statement of Principal and Interest Due as of the Petition Date

Itemize the principal and interest due on the claim as of the petition date (included in the Amount of Claim listed in Item 1 on your Proof of Claim form).

1. Principal due        (1) $ 256,195.27

2. Interest due

| Interest rate | From mm/dd/yyyy | To mm/dd/yyyy | Amount |
|---|---|---|---|
| 7.000 % | 12/01/2008 | 08/01/2011 | $ 47,823.04 |
| % | / / | / / | $ |
| % | / / | / / | + $ |

Total interest due as of the petition date    $ 47,823.04   Copy total here ▶   (2) + $ 47,823.04

3. Total principal and interest due    (3) $ 304,018.31

### Part 2: Statement of Prepetition Fees, Expenses, and Charges

Itemize the fees, expenses, and charges due on the claim as of the petition date (included in the Amount of Claim listed in Item 1 on the Proof of Claim form).

| Description | Dates Incurred | | Amount |
|---|---|---|---|
| 1. Late charges | 01/01/2009 through 07/01/2011 | (1) $ | 3,085.92 |
| 2. Non-sufficient funds (NSF) fees | | (2) $ | |
| 3. Attorney's fees | 07/16/2010 through 07/11/2011 | (3) $ | 2,665.00 |
| 4. Filing fees and court costs | 4/20/2010 through 7/11/2011 | (4) $ | 221.00 |
| 5. Advertisement costs | | (5) $ | |
| 6. Sheriff/auctioneer fees | | (6) $ | |
| 7. Title costs | 02/18/2010 | (7) $ | 225.00 |
| 8. Recording fees | 3/12/2011 through 3/30/2011 | (8) $ | 24.00 |
| 9. Appraisal/broker's price opinion fees | | (9) $ | |
| 10. Property inspection fees | | (10) $ | |
| 11. Tax advances (non-escrow) | | (11) $ | |
| 12. Insurance advances (non-escrow) | | (12) $ | |
| 13. Escrow shortage or deficiency (Do not include amounts that are part of any installment payment listed in Part 3.) | | (13) $ | |
| 14. Property preservation expenses. Specify: _____ | | (14) $ | |
| 15. Other. Specify: Foreclosure Attorney Costs | 02/22/2010 through 07/11/2011 | (15) $ | 200.76 |
| 16. Other. Specify: | | (16) $ | |
| 17. Other. Specify: | | (17) $ | |
| 18. Total prepetition fees, expenses, and charges. Add all of the amounts listed above. | | (18) $ | 6,421.68 |

B 10 (Attachment A) (12/11)

## Part 3. Statement of Amount Necessary to Cure Default as of the Petition Date

**Does the installment payment amount include an escrow deposit?**

☐ No

☒ Yes. Attach to the Proof of Claim form an escrow account statement prepared as of the petition date in a form consistent with applicable nonbankruptcy law.

---

1. **Installment payments due**

   Date last payment received by creditor      12/08/2009

   Number of installment payments due      (1) _____32_____

2. **Amount of installment payments due**

   __5__ installments @   2,536.61      $ __12,683.05__

   __12__ installments @   3,030.13      $ __36,361.56__

   __12__ installments @   2,586.44      $ __31,037.28__

   __3__ installments @   2,227.51      + $ __6,682.53__

   **Total installment payments due as of the petition date**      $ __86,764.42__      Copy total here ▶ (2) $ __86,764.42__

3. **Calculation of cure amount**

   Add total prepetition fees, expenses, and charges      Copy total from Part 2 here ▶      + $ __6,421.68__

   <u>Subtract</u> total of unapplied funds (funds received but not credited to account)      − $ __0.00__

   <u>Subtract</u> amounts for which debtor is entitled to a refund      − $ __0.00__

   **Total amount necessary to cure default as of the petition date**      (3) $ __93,186.10__

   Copy total onto Item 4 of Proof of Claim form

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2011, a true and correct copy of the Proof of Claim was served via electronic means as listed on the Court's ECF noticing system or by regular first class mail to the parties listed on the attached list.

Respectfully submitted,

BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP


BY: /s/ LINDSAY SHERP                    12/15/2011
LINDSAY SHERP
TX NO. 24064170
15000 SURVEYOR SUITE 100
ADDISON, TX 75001
Telephone: (972) 341-0500
E-mail: SDECF@BDFGROUP.COM
ATTORNEY FOR CLAIMANT

**BY ELECTRONIC NOTICE OR REGULAR FIRST CLASS MAIL:**

**DEBTOR:**
BRADFORD ARMISTEAD
41310 ROUNDUP RD
MAGNOLIA, TX  77354

**DEBTOR'S ATTORNEY:**
MELISSA E VALDEZ
2311 CANAL ST.
SUITE 312
HOUSTON, TX  77003

**TRUSTEE:**
DAVID G. PEAKE
9660 HILLCROFT, SUITE 430
HOUSTON, TX  77096

# EXHIBIT "B"

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS | PROOF OF CLAIM |
|---|---|
| Name of Debtor: 0 | Case Number: 0 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (the person or other entity to whom the debtor owes money or property):
0

☐ Check this box to indicate that this claim amends a previously filed claim.

Name and address where notices should be sent:

Court Claim Number: *(If known)* _____

Telephone Number:

Filed on:

Name and address where payment should be sent (if different from above):

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone Number:

**1. Amount of Claim as of Date Case Filed:** _____ $0.00

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** Mortgage loan on home.
(See instruction #2 on reverse side)

**3. Last four digits of any number which identifies debtor:** _____ 0
  **3a. Debtor may have scheduled account as:** _____
  (See instruction #3a on reverse side)

**4. Secured claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the required information.

Nature of property or right of setoff:   ☑ Real Estate   ☐ Motor Vehicle   ☐ Other

Value of Property: _____   Annual Interest Rate: See attached.

Amount of arrearage and other charges as of time case filed included in secured claim,
if any: _____ $0.00   Basis for perfection: Deed of Trust on Real Estate.
Amount of Secured Claim: _____   Amount Unsecured: _____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, salaries or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

**Amount entitled to priority:**
_____

**6. Credits:** The amount of all payments on this claim have been credited for the purpose of making this proof of claim.

**7. Documents.** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

DATE: _____   Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

FOR COURT USE ONLY

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## Borrower Information

Borrower Name
Property Address/Description
Bankruptcy Case #
Last 4 digits of SSN

## Escrow Information

Escrowed for taxes?

Escrowed for insurance?
Petition date escrow balance: $0.00

If all pre-petition payments had been made in the amount set forth on the attached as the "Total Due", would the escrow account have the balance required by RESPA (including any reserves)?

If not, what would be the amount of the escrow shortfall as of the petition date if all payments had been made?

## Loan Information

Is interest fixed or variable?
If fixed, list interest rate

If variable, list each historic rate change:

| Effective Date of Change | Interest Rate |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

## Lender Information

Lender or Servicer Name
Last 4 Digits of Loan #
Date of loan

## Claim information:

| | |
|---|---|
| PAYMENT SHORTAGE (Total past due payments at petition date (including principal, interest, escrow, and unpaid charges)): | $0.00 |
| Principal balance at petition date | $0.00 |
| Unpaid balance of late fees and other charges | $0.00 |
| Total RESPA shortfall | $0.00 |
| Unbilled fees and expenses | |
| Additional interest claimed on any unpaid amounts (for payoff) | |
| Additional interest claimed on any unpaid amounts (for cure) | $0.00 |
| Total Suspense Balance | $0.00 |
| Escrow balance | $0.00 |
| TOTAL CLAIM (Loan Payoff) | $0.00 |
| TOTAL ARREARAGES (Included in Total Claim) | $0.00 |

# LOAN HISTORY

Debtor: 0     Case #: 0     Lender/Servicer: 0

| Ref | Narrative | Transaction Date | Installment Payment Due this Date (Principal, Interest and Escrow) | Total Funds Received This Date | Payment Shortage | Funds Applied - Principal | Interest | Escrow | Suspense | Late Fees and Other charges | Tax, Insurance or Other Advance from Escrow | Principal Balance | Escrow Balance | Suspense Balance | Late Fees and other charges | Balance of Late Fees and Other Charges |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Beginning Balances | | | | | | | | | | | | | | | |
| 1 | | | | | $0.00 | | | | $0.00 | | | $0.00 | $0.00 | $0.00 | | $0.00 |
| 2 | | | | | $0.00 | | | | $0.00 | | | $0.00 | $0.00 | $0.00 | | $0.00 |
| 3 | | | | | $0.00 | | | | $0.00 | | | $0.00 | $0.00 | $0.00 | | $0.00 |
| 4 | | | | | $0.00 | | | | $0.00 | | | $0.00 | $0.00 | $0.00 | | $0.00 |
| 5 | | | | | $0.00 | | | | $0.00 | | | $0.00 | $0.00 | $0.00 | | $0.00 |
| 6 | | | | | $0.00 | | | | $0.00 | | | $0.00 | $0.00 | $0.00 | | $0.00 |
| 7 | | | | | $0.00 | | | | $0.00 | | | $0.00 | $0.00 | $0.00 | | $0.00 |
| 8 | | | | | $0.00 | | | | $0.00 | | | $0.00 | $0.00 | $0.00 | | $0.00 |
| 9 | | | | | $0.00 | | | | $0.00 | | | $0.00 | $0.00 | $0.00 | | $0.00 |
| 10 | | | | | $0.00 | | | | $0.00 | | | $0.00 | $0.00 | $0.00 | | $0.00 |
| 11 | | | | | $0.00 | | | | $0.00 | | | $0.00 | $0.00 | $0.00 | | $0.00 |
| 12 | | | | | $0.00 | | | | $0.00 | | | $0.00 | $0.00 | $0.00 | | $0.00 |
| 13 | | | | | $0.00 | | | | $0.00 | | | $0.00 | $0.00 | $0.00 | | $0.00 |
| 14 | | | | | $0.00 | | | | $0.00 | | | $0.00 | $0.00 | $0.00 | | $0.00 |
| 15 | | | | | $0.00 | | | | $0.00 | | | $0.00 | $0.00 | $0.00 | | $0.00 |
| 16 | | | | | $0.00 | | | | $0.00 | | | $0.00 | $0.00 | $0.00 | | $0.00 |
| 17 | | | | | $0.00 | | | | $0.00 | | | $0.00 | $0.00 | $0.00 | | $0.00 |
| 18 | | | | | $0.00 | | | | $0.00 | | | $0.00 | $0.00 | $0.00 | | $0.00 |
| 19 | | | | | $0.00 | | | | $0.00 | | | $0.00 | $0.00 | $0.00 | | $0.00 |
| 20 | | | | | $0.00 | | | | $0.00 | | | $0.00 | $0.00 | $0.00 | | $0.00 |
| 21 | | | | | $0.00 | | | | $0.00 | | | $0.00 | $0.00 | $0.00 | | $0.00 |
| 22 | | | | | $0.00 | | | | $0.00 | | | $0.00 | $0.00 | $0.00 | | $0.00 |
| 23 | | | | | $0.00 | | | | $0.00 | | | $0.00 | $0.00 | $0.00 | | $0.00 |
| 24 | | | | | $0.00 | | | | $0.00 | | | $0.00 | $0.00 | $0.00 | | $0.00 |
| 25 | | | | | $0.00 | | | | $0.00 | | | $0.00 | $0.00 | $0.00 | | $0.00 |
| 26 | | | | | $0.00 | | | | $0.00 | | | $0.00 | $0.00 | $0.00 | | $0.00 |
| 27 | | | | | $0.00 | | | | $0.00 | | | $0.00 | $0.00 | $0.00 | | $0.00 |
| 28 | | | | | $0.00 | | | | $0.00 | | | $0.00 | $0.00 | $0.00 | | $0.00 |
| 29 | | | | | $0.00 | | | | $0.00 | | | $0.00 | $0.00 | $0.00 | | $0.00 |
| 30 | | | | | $0.00 | | | | $0.00 | | | $0.00 | $0.00 | $0.00 | | $0.00 |
| 31 | | | | | $0.00 | | | | $0.00 | | | $0.00 | $0.00 | $0.00 | | $0.00 |
| 32 | | | | | $0.00 | | | | $0.00 | | | $0.00 | $0.00 | $0.00 | | $0.00 |
| 33 | | | | | $0.00 | | | | $0.00 | | | $0.00 | $0.00 | $0.00 | | $0.00 |
| 34 | | | | | $0.00 | | | | $0.00 | | | $0.00 | $0.00 | $0.00 | | $0.00 |
| 35 | | | | | $0.00 | | | | $0.00 | | | $0.00 | $0.00 | $0.00 | | $0.00 |
| 36 | | | | | $0.00 | | | | $0.00 | | | $0.00 | $0.00 | $0.00 | | $0.00 |
| 37 | | | | | $0.00 | | | | $0.00 | | | $0.00 | $0.00 | $0.00 | | $0.00 |
| 38 | | | | | $0.00 | | | | $0.00 | | | $0.00 | $0.00 | $0.00 | | $0.00 |
| 39 | | | | | $0.00 | | | | $0.00 | | | $0.00 | $0.00 | $0.00 | | $0.00 |
| 40 | | | | | $0.00 | | | | $0.00 | | | $0.00 | $0.00 | $0.00 | | $0.00 |
| 41 | | | | | $0.00 | | | | $0.00 | | | $0.00 | $0.00 | $0.00 | | $0.00 |
| 42 | | | | | $0.00 | | | | $0.00 | | | $0.00 | $0.00 | $0.00 | | $0.00 |
| 43 | | | | | $0.00 | | | | $0.00 | | | $0.00 | $0.00 | $0.00 | | $0.00 |